873 F.2d 1451
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re DAEWOO INTERNATIONAL (AMERICA) CORPORATION and Deawoo
Corporation.
 Misc. No. 237.
 United States Court of Appeals, Federal Circuit.
 Feb. 17, 1989.
 
 Before MARKEY, Chief Judge, and MAYER and MICHEL, Circuit Judges.
 MARKEY, Chief Judge.
 
 ORDER
 
 1
 Daewoo International (America) Corporation and Daewoo Corporation (Daewoo) has submitted a petition for writ of mandamus and has noticed an appeal seeking review of certain Court of International Trade interlocutory orders. Daewoo states that it is seeking "mandamus relief in the alternative to relief on direct appeal." Presumably, Daewoo is seeking review by mandamus if it is determined that review on appeal is not available.
 
 
 2
 Mandamus is an extraordinary remedy to be reserved for extraordinary situations. Kerr v. United States District Court, 426 U.S. 394, 402 (1976). The party seeking mandamus has the burden of showing that its right to issuance of a writ is clear and indisputable. Gulfstream Aerospace Corp. v. Mayacamus Corp., 108 S.Ct. 1133, 1143 (1988). Whereas a simple showing of error may suffice to obtain a reversal on direct appeal, to issue a writ under such circumstances would undermine the settled limitations upon the power of an appellate court to review interlocutory orders. Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661 (1978).
 
 
 3
 In its petition, Daewoo does not mention or address the standard for issuance of a writ or why issuance is warranted in its case. It clearly fails to even minimally satisfy the stringent standard of showing why its right to the writ is "clear and indisputable." Indeed, its petition is merely and improperly a brief presenting arguments why the trial court's interlocutory orders were in error and is identical to its simultaneously filed brief on appeal.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Daewoo's petition for writ of mandamus is denied.
 
 
 6
 (2) The court, sua sponte, directs the United States to file within 14 days a memorandum on the question of whether Daewoo's appeal from the present interlocutory orders should be dismissed. Daewoo may respond within 10 days thereafter.